NYGAARD, Circuit Judge,
concurring.
I agree with the majority that Michael Lowry’s sentence should be vacated and remanded to the District Court for resen-tencing. I, however, would do so for a different reason because in my view, counsel at sentencing rendered Lowry ineffective assistance by failing to properly object to the severity of his sentence.
The majority believes that counsel adequately raised the sentencing disparity, obligating the District Court to address it. I do not. I agree that, where the district court substantially varies from the Guidelines, it must provide a substantial explanation for doing so. Nonetheless, it is counsel’s responsibility to identify deficiencies in the district court’s reasoning so that — in addition to preserving the issue for appeal — the court has an opportunity to augment its explanation or, perhaps, alter its decision. It is asking too much of the District Court that it divine from vague references to the Guidelines that counsel believes that the sentence is unreasonably disparate from others similarly situated.
In my view, the glaring deficiency was with counsel’s failure to raise the sentencing disparity at the sentencing hearing. Ineffective assistance of counsel claims are generally not reached on direct appeal except, in those rare circumstances, where “the record sufficiently establishes a basis for our review.” United States v. Theodoropoulos, 866 F.2d 587, 598 (3rd Cir.1989) overruled on other grounds by United States v. Price, 76 F.3d 526, 528 (3d Cir.1996); see also Government of Virgin Islands v. Zepp, 748 F.2d 125, 133 (3d Cir.1984). This case fits within that narrow exception because there is no need for further factual development here. It was incumbent upon counsel, knowing that the Government was going to ask for a sentence in excess of 72 months, to come armed, not only with an objection to the disparity of the sentence, but with exemplar evidence sufficient to convince the District Court that the sentence is unreasonably disparate from others similarly situated. I would remand on this basis.